ON the Merits.
Plaintiff alleges that the succession was damaged by the negligent burning by the defendant of three hundred and forty-one bearing orange trees worth twelve dollars each — four thousand and ninety-two dollars, and three hundred and three younger trees worth three dollars each — nine hundred and nine dollars; that is to say, five thousand two hundred and one dollars. The trees are alleged to have been situated in the decedent’s orange grove, about sixty miles below New Orleans, and which was divided by the track 6f the defendant company — the burnt area covering that portion of the orchard which is situated in the rear of the track, constituting about half of the same.
It appears from the record that, shortly previous to the institution of this suit, two gentlemen who resided in the neighborhood of the burnt premises paid a visit thereto at the request of the executor, and made the following estimate of the damages which the deceased had sustained by the fire, viz.:
8(0 large orange trees, -worth 15o. apieoe.$5t no
SOU smaller ones, worth 25u. upieee. 76 00
Total.$126 00
The testimony explains that the orange orchard of the deceased Was completely devastated by a great storm or tidal wave which occurred in the Gulf of Mexico in October, 1893, and which disaster was succeeded by the intense and extreme cold of 1895, whereby the remaining vitality of the orange trees, old and young, was almost *1595 completely annihilated — the few surviving being of insignificant value and scarcely worth cultivation, and altogether unproductive.
The testimony shows that subsequent to the aforesaid disasters the deceased took little or no iuterest in his orange orchard, and did not attempt to prune or cultivate it; but, on the contrary, allowed it to grow up in grass and weeds.
Photographs taken of the locus in quo soon after the fire very clearly exhibit the neglected and abandoned condition of that portion of the orchard which was not destroyed by fire, aDd witnesses at the trial supplement the mute evidence furnished by the pictures to the effect that the portion of the orchard which was destroyed by fire was in a similar condition.
It is established by the testimony of witnesses that the fire proved rather a benefit than a disadvantage to the orchard, for the reason that same could not have been otherwise reduced to a cultivatable condition, and in that view the judge a quo seems to have coincided.
It is unnecessary to go into a further detail of the evidence, all of which is of the same character.
The plaintiff has not made out a case for damages.
Judgment affirmed.